State v. Kallam

---

appear unreasonable. Certainly no abuse of discretion has been shown.

Affirmed.

Judges VAUGHN and GRAHAM concur.

---

STATE OF NORTH CAROLINA v. THOMAS J. KALLAM, JR.

No. 7221SC605

(Filed 30 August 1972)

1. **Criminal Law § 134— sentencing procedure — when judgment will be vacated**

    A judgment will not be disturbed because of sentencing procedures unless there is a showing of abuse of discretion, procedural conduct prejudicial to defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play.

2. **Criminal Law § 134— sentencing procedure — no abuse of discretion shown**

    The sentencing procedure was fair and proper in a prosecution for forging a check and uttering the check knowing it to be forged where defendant was given repeated opportunities to rebut any of the matters being considered by the judge before sentence was imposed, to give his version of the offenses to which he had pleaded guilty and to testify or make representations in mitigation.

APPEAL by defendant from *Long, Judge,* 17 April 1972 Session of Superior Court held in FORSYTH County.

Defendant was brought to trial under two bills of indictment each charging him in separate counts with forging a check and thereafter uttering the check knowing it to be forged.

On 12 April 1972 defendant tendered pleas of guilty. After questioning defendant relating to the voluntariness of his pleas, the court adjudged them to have been freely, understandingly and voluntarily made and ordered them entered upon the record. Sentencing was deferred until Friday, 14 April 1972. On that date defendant was called but did not appear. Prayer for judgment was continued until the next session of court and the cases came on for judgment on 21 April 1972. Judgment was

entered imposing consecutive sentences of not less than five nor more than ten years in each case. The sentence in the first case was ordered served concurrently with a sentence being served by defendant in federal prison. Charges in eight other bills of indictment were nol prossed with leave by the State.

*Attorney General Morgan by Associate Attorney Ricks for the State.*

*W. Leslie Johnson, Jr., for defendant appellant.*

GRAHAM, Judge.

Defendant challenges the sentencing procedure, contending, among other things, that improper evidence was admitted and considered by the court in rendering judgment and sentence.

[1] "A judgment will not be disturbed because of sentencing procedures unless there is a showing of abuse of discretion, procedural conduct prejudicial to defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play." *State v. Pope,* 257 N.C. 326, 335, 126 S.E. 2d 126, 133.

[2] Defendant here was given repeated opportunities to rebut any of the matters being considered by the judge before sentence was imposed, to give his version of the offenses to which he had pleaded guilty, and to testify or make representations in mitigation. We find nothing so manifestly unfair about the procedure employed as to require that the judgments be vacated.

The sentences imposed were within the maximum limits allowed by law and no error appears on the face of the record.

Affirmed.

Judges PARKER and VAUGHN concur.